PARIENTE, J.,
dissenting.
I respectfully dissent. First, I agree with the majority and Justice Quince that under our Florida Constitution, article I, section 9, there is a separate free-standing privilege against self-incrimination that exists independently of the protections granted by the Federal Constitution. While I disagree with the majority and agree with Justice Quince that the warnings in this case violated the Florida Constitution, for the reasons explained below, in my view, the warnings also violated the Federal Constitution and were contrary to United States Supreme Court cases interpreting the requirements for warnings.
The verbal and written right-to-counsel warnings Rigterink received advised him only that he had “the right to have an attorney present prior to questioning.” Based on United States Supreme Court controlling precedent, the warnings in this case are defective because they do not “clearly inform[ ]” the suspect that he had a “right to consult with a lawyer and to have the lawyer with him during interrogation.” Florida v. Powell (Powell II), — U.S. -, 130 S.Ct. 1195, 1199, 175 L.Ed.2d 1009 (2010) (emphasis added) (quoting Miranda v. Arizona, 384 U.S. 436, 471, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)). Powell II specifically stands for the proposition that Miranda warnings must “clearly inform! ]” the individual that he or she has a “right to consult with a lawyer and to have the lawyer with him during interrogation.” Id.
The warnings administered to Rigterink in this case not only failed to advise him that he had a right to the presence of an attorney during questioning, but the warnings omitted the critical catch-all phrase present in Powell II — that he could invoke the right to consult with a lawyer “at any time ... during the interview” — and thus did not “clearly informf ]” him of the right to have a lawyer present during interrogation. As Justice Ginsburg made clear in her majority opinion in Powell II:
In a pathmarking decision, Miranda v. Arizona, 384 U.S. 436, 471, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the Court held that an individual must be “clearly informed,” prior to custodial questioning, that he has, among other rights, “the right to consult with a lawyer and to have the lawyer with him during interrogation.” The question presented in this case is whether advice that a suspect has “the right to talk to a lawyer before answering any of [the law enforcement officers’] questions,” and that he can invoke this right “at any time ... during th[e] interview,” satisfies Miranda. We hold that it does.
Id. at 1199-1200.
Further, from a reading of the entire opinion, it is clear that the United States Supreme Court concluded that the warning, in its totality, was not deficient, based upon the presence of the catch-all phrase that the suspect could invoke this right “at any time ... during the interview,” which informed the suspect of his right to a lawyer during interrogation:
The first statement communicated that Powell could consult with a lawyer before answering any particular question, *902 and the second statement confirmed that he could exercise that right while the interrogation was underway. In combination, the two warnings reasonably conveyed Powell’s right to have an attorney present, not only at the outset of interrogation, but at all times.
Id. at 1205 (emphasis added).
While acknowledging that the warning was not the “clearest possible formulation of Miranda,” the United States Supreme Court looked at the complete warning administered:
In context, however, the term “before” merely conveyed when Powell’s right to an attorney became effective — namely, before he answered any questions at all. Nothing in the words used indicated that counsel’s presence would be restricted after the questioning commenced. Instead, the warning communicated that the right to counsel carried forward to and through the interrogation: Powell could seek his attorney’s advice before responding to “any of [the officers’] questions” and “at any time ... during th[e] interview.” App. 3 (emphasis added). Although the warnings were not the clearest possible formulation of Miranda’s right-to-counsel advisement, they were sufficiently comprehensive and comprehensible when given a commonsense reading.
Id. In other words, the majority opinion in Powell II explained its reliance on the additional phrase “at any time ... during the interview.” While concluding that the warnings were not deficient, the United States Supreme Court pointed out the following:
The standard warnings used by the Federal Bureau of Investigation are exemplary. They provide, in relevant part: “You have the right to talk to a lawyer for advice before we ask you any questions. You have the right to have a lawyer with you during questioning.” This advice is admirably informative, but we decline to declare its precise formulation necessary to meet Miranda's requirements. Different words were used in the advice Powell received, but they communicated the same essential message.
Id. at 1206 (citation omitted).
There is no question that the catch-all phrase, determinative of the outcome in Powell II, was missing in the warnings that were administered here and thus the warnings did not meet the minimum requirements of Miranda under the Fifth Amendment. There is absolutely no United States Supreme Court precedent that approves a warning that contains only a statement of a right to a lawyer present prior to questioning.
As we held nearly twenty years ago under article I, section 9, of our state constitution:
[T]o ensure the voluntariness of confessions, the Self-Incrimination Clause of Article I, Section 9, Florida Constitution, requires that prior to custodial interrogation in Florida suspects must be told that they have a right to remain silent, that anything they say will be used against them in court, that they have a right to a lawyer’s help, [n.13] and that if they cannot pay for a lawyer one will be appointed to help them.
Traylor v. State, 596 So.2d 957, 965-66 & n. 13 (Fla.1992). However, in this case, the majority does not reach the issue as to whether the warnings administered to Rig-terink were defective under our state constitution but reviews only whether the warnings meet the minimum requirements under Miranda.
*903 For these reasons, I dissent and, as we did in Rigterink I, I would reverse and remand for a new trial.
PERRY, J., concurs.

 This means that the suspect has the right to consult with a lawyer before being interrogated and to have the lawyer present during interrogation.